### MARSHALL v
### HOME SAVINGS & LOAN CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 18, 1935

Jesse H. Leighninger, Youngstown, for plaintiff in error.

Charles F. Scanlon, Akron, for defendant in error.

## OPINION

By NICHOLS, J.

This is an error proceeding instituted in this court from the Court of Common Pleas of Mahoning County, Ohio, in which the defendant in error recovered judgment in its favor against the plaintiff in error by reason of the trial court having sustained a motion for a directed verdict made by the defendant below at the close of plaintiff's case.

The parties will be referred to in this opinion as they were designated in the court below, inasmuch as they stand in the same position.

Horace A. Marshall instituted an action for damages against the defendant, The Home Savings and Loan Company, claiming that he received personal injuries while using the stairway between the eighth and ninth floors in the building owned by the defendant company. The plaintiff fell on this stairway on the 11th day of July, 1931, at about eleven-thirty o'clock A. M.

As disclosed by the evidence, the plaintiff for some time previous to July 11, 1931, had been employed by the Aetna Standard Engineering Company, which company was a tenant in the defendant's building, located in the City of Youngstown. In the course of his employment the plaintiff had used the stairway between the eighth and ninth floors of the building of the defendant. An elevator was operated between these floors at the time of plaintiff's injury. In the amended petition of plaintiff he complains that the stair treads in the stairway leading from the eighth to the ninth floor of defendant's building "are made of smooth marble with the outer edges thereof rounded and partly worn off, so that said treads present a rounded, sloping and slippery surface upon which one must step, and that at the time of the facts hereinafter set forth there was no abrasive or other anti-skid material or devices maintained on said stair treads."

There is no claim of any other condition than that above quoted upon which to base liability of the defendant. It is admitted in the evidence of plaintiff that the stairs were properly lighted; that there was no obstruction of any kind upon the stairs, or any foreign substance thereon. The plain-

tiff, in his testimony, admits that he had used these stairs frequently before the day of the injury, and that he knew the stairs were slippery, and that he was informed as to their composition and condition. He states that he had slipped upon the stairs before and had heard of others slipping thereon, and that at the time he "tried to be as careful as I could," because he knew the steps were in a dangerous condition, were slippery, and that he had always known that they were slippery. Under the testimony of the plaintiff, giving to it the most favorable interpretation in his behalf, and conceding that the defendant below may have been negligent in permitting the steps of its building to be and remain in a smooth, slippery condition, rounded off at the edge of the tread, and without abrasive or other material to keep one from slipping, it must be held that the plaintiff knew as much about the condition of these steps as did the defendant, and that with full knowledge of their slippery condition he, nevertheless, attempted to hurry up the stairway with a map or plat in his hand. We feel that reasonable minds can not differ, but must find that from the evidence presented by plaintiff he was guilty of contributory negligence which was a direct and proximate cause of his injury, and it therefore follows that the action of the trial court in sustaining the motion made by the defendant below for a directed verdict at the close of plaintiff's case was properly sustained.

In the brief of plaintiff in error the claim is also made that the trial court erred in excluding certain evidence offered by the plaintiff below to the effect that the employer of plaintiff had given specific instructions to its employes that they were not to use the elevator and that if they did so they would be discharged. We can not see how any such evidence was proper to be admitted as against the defendant in this case, the owner of the building, nor that such evidence would in any way affect the question of the contributory negligence of the plaintiff in using this stairway when he knew that the stairs were slippery, the treads rounded off, that there was no abrasive or other material thereon to keep one from slipping, and that they were dangerous. If plaintiff's action had been against his employer, such testimony might have been competent as bearing upon the question whether plaintiff had assumed the risk of using these stairs under the doctrine of assumption of risk between employer and employe. We think the court

properly excluded evidence of the instructions of the employer to ▮▮ plaintiff in relation to the use of the elevator and the use of the stairs, and that no prejudicial error resulted therefrom.

Having examined all of the errors complained of in the brief of plaintiff in error, and finding no prejudicial error has intervened, and that substantial justice has been done, the judgment of the trial court is affirmed.

Judgment affirmed.

CARTER and ROBERTS, JJ, concur.